## Copeland *v.* Copeland.

### (*Nashville,* December Term, 1943.)

Opinion filed February 5, 1944.

J. B. REAGAN and A. R. HOGUE, both of Jamestown, for complainant.

W. A. GARRETT, of Jamestown, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This bill was brought by the complainant seeking a divorce from defendant on the ground of willful and malicious desertion for more than two whole years and adultery. A plea of *res judicata* was interposed by the defendant, the bill dismissed, and the complainant has appealed.

It appears from the plea that the complainant had previously brought a suit against defendant for a divorce in the circuit court of Fentress County charging her with cruel and inhuman conduct and adultery. She answered the bill, proof was heard, and the circuit judge dismissed the suit. It is true that in this bill a charge of willful and malicious desertion was made, stating that it began on June 17, 1941. The circuit court bill, however, was filed in December, 1942, and a judgment rendered in that court on April 13, 1943. Willful and malicious desertion, therefore, was not and could not have been an issue in that case since two years had not elapsed even

at the disposition of the case. So it follows the former judgment cannot be pleaded as *res judicata* in this suit in so far as it is based on willful and malicious desertion for two whole years.

 A plea of *res judicata* is not available merely because the subject matter of two suits is the same. The cause of action in the two suits must be the same.

Mr. Freeman expresses the rule thus:

"As we have already seen, identity of subject matter is not essential to estoppel by judgment. So in determining whether causes of action are the same, the identity of the subject matter or of the transaction out of which they arise, is not a controlling factor. The subject matter of an action must be distinguished from the cause of action, since the subject matter of two actions may be the same and yet the causes of action may be entirely different. New rights in the same subject matter may intervene between the two actions." Freeman on Judgments (Fifth Edition), p. 1434.

In the case before us, complainant's new right founded on willful and malicious desertion for more than two years did not accrue until after the circuit court case terminated. That right accrued and intervened between the two actions.

 The rule stated by Mr. Freeman has found frequent application in divorce cases too numerous to be here reviewed. The result of these cases is stated in the texts following.

"So, where the ground of divorce in the second action is the same as in the first, although based on different acts, but no new acts occurring subsequent to the first case are alleged, the subsequent action is barred, unless plaintiff was ignorant of such acts at the time of bringing the first suit. While the rule has also been held to be ap-

plicable where the subsequent action is upon grounds different from those in the earlier proceeding, there is authority to the contrary; and it is generally held inapplicable where the subsequent action is based upon a different cause which could not have been presented in the earlier proceeding, or of which plaintiff was ignorant at the time of bringing the first suit.'' 27 C. J. S., Divorce, sec. 174, p. 829.

''A domestic judgment or decree entered in a suit for divorce is *res judicata* as to the questions put in issue or necessarily and properly involved and actually tried and determined therein, but not as to the matters not then in controversy and not heard and determined. . . . Thus, in a subsequent suit for a divorce on the ground of adultery, a former domestic decree dismissing on the merits a bill for a divorce is *res judicata* as to the facts which were relied on or which could and should have been alleged and proved, but not as to acts subsequently committed.'' 17 Am. Jur., p. 396.

As we understand the bill of complainant he charges that the defendant has been guilty of other acts of adultery occurring since those of which she was acquitted in the circuit court suit and unknown to the complainant at the time of that suit. If this be true, under the authorities cited herein, the plea of *res judicata* would not be good as to these matters.

For the reasons stated, the decree of the chancellor will be reversed and the cause remanded for answer and proof. Costs of appeal are taxed to the defendant.